# SUPERIOR COURT

## of the

## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)739-5333

August 2, 2016

Robert J. Dill
968-A Skeeter Neck Road
Frederica, DE 19946

David W. Dill, Sr.
Britainie K. Dill
4984 Willow Grove Road
Camden-Wyoming, DE 19934

*Via file & Serve Xpress & U.S. Mail*

>    *Re:   Dill v. Dill*
>    *K15L-02-003 JJC*

Dear Messrs. Dill and Mrs. Dill:

After entry of default judgment in this case, the Court held an inquisition hearing to determine damages on July 25, 2016. Defendant David Dill appeared at the hearing to contest the amount of damages due. The Court has considered the parties' testimony at the hearing and the documentary evidence submitted by Plaintiff Robert J. Dill (hereinafter "Plaintiff") and Defendant David Dill. Taking into consideration the law and the evidence submitted at the hearing, the Court finds that Plaintiff Robert Dill is entitled to $13,245.51 in damages due to Defendants David Dill and his wife, Britainie Dill's, default on their mortgage. This letter Order sets forth the Court's reasoning for this decision.

Both parties agreed at the hearing that Defendant David Dill and Defendant Britainie Dill (hereinafter collectively "Defendants") breached their obligation to pay Plaintiff for his portion of the agreed value of inherited family land. Defendants purchased the land from Plaintiff and three other siblings. The parties agreed at the hearing that pursuant to this contract, Defendants owed the Plaintiff one-quarter of the total purchase price of $57,600 and accrued interest.

The parties executed a document identified as a mortgage that included payment terms and the overall purchase price. In addition to the principal amount due, the agreement included interest at 6% per annum. It also provided that the total debt was to be payable in 180 monthly installments of $486.06, beginning on March 15, 2006. The contract also contained an acceleration clause in the event of default. Finally, the document provided for the award of counsel fees in the amount of 5% of the amount due for principal, interest, and costs. At the hearing, Plaintiff also sought incidental and consequential damages for the breach.

## STANDARD

After a default judgment is ordered, an inquisition hearing is held to determine the amount of damages due.[1] At an inquisition hearing, the Court's findings on damages must be based on a preponderance of the evidence.[2] The "sole focus of inquisition hearings is the amount of damages owed to the plaintiff, which is determined by the . . . judge."[3] Preponderance of the evidence means "the side on which the

---

[1] *Patton v. Yancey*, 2014 WL 4674600, at *1 (Del. Super. Sept. 22, 2014).

[2] *Jagger v. Schiavello*, 93 A.3d 656, 659 (Del. Super. 2014)(citation omitted).

[3] *Id.*

2

greater weight of the evidence is found."[4]   Additionally, the standard remedy, or damages, for a breach of contract is based upon the reasonable expectations of the parties, in an amount that is equal to the loss in value of defendant's nonperformance, or breach.[5]   Damages for a breach of contract  must be proven with reasonable certainty.[6]   Recovery is not available to the extent that the alleged damages are uncertain, contingent, conjectural, or speculative.[7]

## EVIDENCE PRESENTED AT THE HEARING

At the inquisition hearing, Robert Dill amended his original calculation of the full debt amount from $21,872.70 to $23,716.76.  He also claimed 5% in counsel fees, which he calculated to be $1,093.63.  Furthermore, he also claimed lost wages in the amount of $749.43.  Plaintiff, however, did not provide evidence  regarding the date of default, except to state that the last payment Defendants made to him was sometime in early 2012.

During his testimony, Defendant  David Dill acknowledged that he and his wife owed money to Plaintiff.   However,  he contested the amount of damages due. He argued that the full quarter share of the mortgage was not due to Plaintiff, because he had made a significant number of payments prior to defaulting. Defendant testified that, per his calculations, he owed Plaintiff $13,245.51. To support this contention, he provided check stubs for some of the checks he had written to Robert Dill for the

---

[4] *Id.*

[5] *West Willow-Bay Court, LLC v. Robino-Bay Court Plaza LLC*, 2009 WL 458779, at *4 (Del. Ch. Feb. 23, 2009).

[6] *Siga Techs., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1131 (Del. 2015).

[7] *Id.*

mortgage payments. Additionally, Defendant testified regarding a check that was tendered to Robert Dill on January 13, 2015, through an attorney, in the amount of $3,038.25. He asserted that the amount of the check, $3,083.25, would have brought him up to date on his payments for the mortgage. However, Robert Dill refused the check because it was tendered as a settlement that would have required the release of some unspecified portion of his claim.

## DISCUSSION

At the inquisition hearing, the burden of proof was on the Plaintiff to prove the damages due. To determine the amount of an award as to damages, the Court must first determine the date of default, or breach, because the timing of the breach is an issue that "has implications for valuation and any potential interest accrual."[8] Plaintiff testified that Defendants defaulted on the mortgage sometime in early 2012. However, he could offer no evidence of the date of default. Additionally, Plaintiff did not offer any evidence as to how many payments were actually made or in what amount. He acknowledged that he had received some payments from Defendants, though he had no records (nor was he able to offer testimony) regarding what payments were actually received and when. He merely alleged that $21,872.50 was still due on the principal amount. Although the rules of evidence are somewhat relaxed in an inquisition hearing, when a defendant appears to contest the amount due, these relaxed rules do not alleviate a plaintiff from his or her obligation to prove damages to a reasonable certainty.

Defendant David Dill testified and provided an exhibit indicating that he still

---

[8] *West Willow-Bay, LLC*, 2009 WL 458779, at *4.

4

owed $13,245.51. This admission was the only evidence offered at the hearing enabling the determination of damages to a reasonable certainty. Accordingly, because there was a breach, and Defendant acknowledged that $13,245.51 was owed for that breach, judgment is in the amount of $13,245.51, plus post judgment interest at the legal rate is awarded Plaintiff.

Plaintiff's requested counsel fees in the amount of 5% are denied . The Court does not award these fees because no counsel was hired by the Plaintiff who appeared *pro se.* Finally, Plaintiff's claim for lost wages in the amount of $749.43 is not awarded because Plaintiff offered insufficient evidence to establish that these lost wages were either incidental or consequential to the breach of contract.

For the reasons stated, judgment is hereby entered in favor of Plaintiff Robert Dill against Defendants David Dill and Britainie Dill, jointly and severally, in the amount of $13,245.51, plus costs and post judgment interest at the legal rate. The Prothonotary is directed to enter this amount as a final judgment.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

JJC:jb